**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                  No. CR 08-827 JB

ALBERTICO GARCIA-RUIZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed July 28, 2009 (Doc. 69). The Court held a sentencing hearing on July 30, 2009. The primary issues are: (i) whether the Court should correct the date of Defendant Albertico Garcia-Ruiz' arrest on page 1 of his Presentence Investigation Report (disclosed June 18, 2009)("PSR") to February 4, 2007; (ii) whether the Court should adjudge the date of June 21, 2006, the date that a detainer was placed on Garcia-Ruiz, as the date that Garcia-Ruiz' presentence confinement credit should begin; and (iii) whether the Court should vary from the guideline range. Because Garcia-Ruiz concedes that the arrest date on the PSR is correct, the Court will not change that date. The Court will also decline to adjudge when Garcia-Ruiz' presentence credit should begin, because the Bureau of Prisons should first make that determination. Finally, the Court will vary from the guideline range and sentence Garcia-Ruiz to 21 months imprisonment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 21, 2006, while Garcia-Ruiz was in state custody, he spoke with an Immigration and Customs Enforcement ("ICE") agent who determined that Garcia-Ruiz was illegally in the United

States.  See PSR ¶ 4, at 3.  ICE placed a detainer on Garcia-Ruiz that same day.  See id.  Not until February 4, 2008, however, was Garcia-Ruiz released from New Mexico's custody and transferred to ICE custody.  See id. ¶ 5, at 3.

On May 4, 2009, Garcia-Ruiz pled guilty, without a plea agreement, to reentering the United States in violation of 8 U.S.C. § 1326(a) and (b).  See Plea Minute Sheet (Doc. 62).  Garcia-Ruiz' offense level is 13 and his criminal history is category VI, producing an advisory guideline range of 33 to 41 months.  Before sentencing, he filed a memorandum requesting that the Court correct the date of his arrest on the PSR and determine that the date from which he will receive credit for presentence confinement is June 21, 2006.  During the hearing, Norman Cairns, the Assistant United States Attorney, acknowledged that, while Garcia-Ruiz was not entitled to the Court awarding him credit for presentence confinement, his arguments had force beyond that particular issue.  See Transcript of Hearing at 9:16-24 (Cairns)(taken July 30, 2009)("Tr.").[1]  Mr. Cairns stated that he thought some variance would be reasonable given that Garcia-Ruiz has been in continuous custody for several years and that his criminal history, while extensive, is not particularly violent.  See id. at 9:25-11:18.

## ANALYSIS

The Court will deny the relief that Garcia-Ruiz requested in his written sentencing memorandum.  At the hearing, Garcia-Ruiz conceded that his arrest date was properly reflected in the PSR.  See Tr. at 3:6-13 (Baiamonte & Court).  And as the Court has held before, the Court is without jurisdiction to award credit for time spent in presentence custody, because that calculation is, in the first instance, within the purview of the Bureau of Prisons.  See United States v. Bertollini,

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

2007 WL 5231705 at *6, *8 (D.N.M.)(Browning, J.)(citing United States v. Brown, 212 Fed. Appx. 747, 755 (10th Cir. 2007), and United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994)). James Baiamonte, Garcia-Ruiz' counsel, agreed with the Court's interpretation. See Tr. at 3:19-4:14 (Court & Baiamonte).

Although the Court is denying the relief that Garcia-Ruiz requested in his written memorandum, the Court will vary from the guideline sentence. Garcia-Ruiz has an extensive criminal history -- it takes the PSR almost ten pages to recount the details of all his convictions -- and so the Court does not believe that Garcia-Ruiz' criminal history category of VI overrepresents his criminal history within the meaning of the Sentencing Guidelines. See U.S.S.G. § 4A1.3(b)(1). Nonetheless, his criminal history is largely devoid of violent offenses. The Court believes that he is more similarly situated to individuals in criminal history category V, which would, under the guidelines, make his sentencing range 30 to 37 months. The Court believes that a sentence of 30 months is more appropriate for Garcia-Ruiz.

In addition, ICE placed a detainer on Garcia-Ruiz on June 21, 2006, but he was not taken into federal custody until February 4, 2008. See PSR ¶¶ 4-5, at 3. He will not receive credit for that time in state custody, but the Court believes that it is appropriate to vary from the guidelines here to avoid imposing an unnecessarily harsh sentence and to avoid creating unwarranted sentencing disparities because of the unusually long delay between the time the detainer was lodged and the time he entered federal custody. See 18 U.S.C. § 3553(a) and 3553(a)(6). Varying an amount equivalent to the entire time he spent in state custody on detainer, however, would result in a sentence that is too low in light of Congress' view that illegal reentry, and particularly reentry by aliens with extensive criminal histories, is a serious offense. An additional variance of 9 months appropriately balances these concerns. The Court will vary from the guideline sentence and

sentence Garcia-Ruiz to 21 months imprisonment.

**IT IS ORDERED** that the requests in the Defendant's Sentencing Memorandum are denied. The Court varies from the guideline sentence, however, and will sentence Defendant Albertico Garcia-Ruiz to 21 months incarceration.

_____<br>
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Jim Baiamonte
Albuquerque, New Mexico

 *Attorney for the Defendant*